**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TEJERE J. AKPENEYE; JONATHAN ALLEN; SALI ALPHAEK; JACQUES V. ALSTON; RODOLFO ANCHETA JR.; WAYNE A. ANTOINE; CARL A. ARLAKREN; MICHAEL F. BAKER; CHRISTOPHER M. BALDWIN; ROCHELLE BANKS; CURTIS M. BASS; ZANDA BELL; JAMES BOUYER, JR.; MAIA BRADLEY; RICHARD BRANCH, JR.; MELISSA BRIDGES; PATRICK R. BRIGHT; GWENDOLYN BROWN; KEVIN L. BROWN;LORI O. BROWN; THOMAS C. BROWN; TRACY BROWN; ANTHONY BURNS; GEORGE BURNS; SHAWN R. BUTTERFIELD;  BRAD BYRNES; JASON CARON;RYAN H. CASE; CHRISTY CASSADY; JEFFREY CLUTE; LISA CHAMP;TAKIYAH COLEMAN; RICKEY L. COOPER; DAVID L. COUSINS; VERONICA COUTEE; DANIEL C. CROOM; DEXTER CUMBERBATCH; ANTHONY CUMMINGS; WILLIAM A. CUMMINGS; PAUL L. DASS; ASHTON DAVIS;CHARLES DE LUGO;FRANTZ DESIR; BRIAN DEVLEESEHOUWER; ROBERT E. DUSO, JR., LENARDO ECCLES; KATRINA EVERETT; JERMAINE FLUDD; BRANDYN FOX; CLYDE A. FRANKLIN JEFFREY T. FREEMAN; JOHN S. GIBBS; DAVID A. GRANT; MARY B. GREEN; MICHAEL GREENOUGH; NICHOLAS GUZAN; PAUL GUZAN; CHRISTIAN GUZMAN; LEONARDO GUZMAN; WARREN T. HAGUE; MICHAEL A. HALLS; AARON HAMLETT; DANIELL HARRIS; TIMOTHY RAY HAYES; KORY HINTON;LARRY W. HOLLMEND; PETER L. HOWELL; THEADORE HEADEN; MARC A. HUDSON; WARREN A. HUTTON; RONNIE INGRAM; CHARLES JACKS;ANTHONY W. JACKSON; DERRICK JACOBS SR.; CARLA JOHNSON; JEFFREY JOHNSON; KHARLOTTA JOHNSON;MONICA JOHNSON; TYRONE G. JOHNSON GEORGE A. JONES; HAROLD V. JONES; MICHAEL D. JONES; RICHARD A. KILLEBREW; LINNELL KNOX; VINCENT P. LAW, SR.; LUKE KORNACKI; MICHAEL LEE; QUIANA S. LEE; MACK LEWIS; MICHAEL J. LONG; JOSE M. LOPEZ IV; MARIANO LOPEZ JR.;  ERNESTO E. LUGO-VALENZUELA; HANEEFA A. MALIK OMAR F. MANN; CHRISLINA R. MARSHALL; MARK S. MAZUR; REGINALD McCLURE;  JOSEPH A. MCCRAY; JESSE MCNEAL; KENNEST MEADOR; JEREMY MEYER;JEREMY MIDDLETON;  MICHAEL T. MILLER;FREDERICK MILLER; MEDRICK J. MICHEL; JAVIER MONTERO; STEVEN MONTERO; BERTRAND | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) NO. 15-00732(MMS) <br> ) <br> )          AMENDED <br> )COLLECTIVE ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOORE; KAREN MOSLEY;WILLIAM NIEVES SR.;** )
**ALBERT D. NOONAN;GREGORY NORMAN; JONATHAN** )
**W. OAKS; VINCENT OGRODNY;ROBERT OLEJNIK;** )
**LINDSAY M. ORTIZ;THOMAS PANNELL; ELVIN CURTIS** )
**PARKER;ALAN PITTS; ERIC QUARLES; UDDIN RAJAH;** )
**CRENSHELLA V.RANDOLPH-CROFT; ROBERT** )
**ROBINSON;JOSE JAVIER ROCHE; FREDERICK W.** )
**RODOLPH;MARTIN RODRIGUEZ; WANDA RODRIGUEZ;**)
**CARMEN M. ROMAN;BERNARD RUSSELL; JAMES** )
**RYAN; JAVIER SANTIAGO; FRANCIS SARPONG;** )
**BRIAN SCHWAB; KENNETH SCOTT; FRANCIS** )
**SELPH; DANIEL THOMAS SERGEI; ERROL** )
**SHANHAI;ABDUL KAREEN SHARIF; ASKIA** )
**SHOMARI; ROOSEVELT SINGLETON; SAMUEL** )
**SMITH; MICHAEL STEWART, JR.; TOSMO** )
**SMOOT; JOHN W STONE; TAMMARA SUTTON;** )
**FRANKLIN D. TAYLOR; KEVIN TINDAL SR.; DONALD** )
**THOMAS; JOHN H. TRAVIS; ALEX TREJO; TIMOTHY W.** )
**TROY;KENNETH TURNER;WARREN M. ULMER;STEVEN**)
**VICKERS; AMANDA J. WALKER; DANIEL WALKER;** )
**VALLORY WALTERS-OLIVERA; MARCO A.** )
**WAISOME,JR.; ANTHONY O.WASHINGTON;** )
**CHARLES D. WIGGINS; JAMES WILLIAMS III;** )
**TWILA WILLIAMS; WILBERT WILLIAMS;** )
**BYRON M. WILSON; NICHOLAS T. WILSON;** )
**STEVEN A. WINGATE; DAVID YACOB,** )
individually and on behalf of all others )
similarly situated, )
)
          Plaintiffs, )
)
       v. )
)
**UNITED STATES OF AMERICA**, )
)
          Defendant. )
_____)

## AMENDED COMPLAINT

Plaintiffs Tejere J. Akpeneye; Jonathan Allen; Sali Alphaek; Jacques V. Alston; Rodolfo Ancheta Jr.; Wayne A. Antoine; Carl A. Arlakren; Michael F. Baker; Christopher M. Baldwin; Rochelle Banks; Curtis M. Bass; Zanda Bell; James Bouyer, Jr.; Maia Bradley; Richard Branch, Jr.; Melissa Bridges; Patrick R. Bright; Gwendolyn Brown; Kevin L. Brown; Lori O. Brown; Thomas C. Brown; Tracy Brown; Anthony Burns; George Burns; Shawn R. Butterfield; Brad Byrnes; Jason Caron; Ryan H. Case; Christy Cassady; Jeffrey Clute; Lisa Champ; Takiyah

Coleman; Rickey L. Cooper; David L. Cousins; Veronica Coutee; Daniel C. Croom; Dexter Cumberbatch; Anthony Cummings; William A. Cummings; Paul L. Dass; Ashton Davis; Charles De Lugo; Frantz Desir; Brian Devleesehouwer; Robert E. Duso, Jr., Lenardo Eccles; Katrina Everett; Jermaine Fludd; Brandyn Fox; Clyde A. Franklin; Jeffrey T. Freeman; John S. Gibbs; David A. Grant; Mary B. Green; Michael Greenough; Nicholas Guzan; Paul Guzan; Christian Guzman; Leonardo Guzman; Warren T. Hague; Michael A. Halls; Aaron Hamlett; Daniell Harris; Timothy Ray Hayes; Kory Hinton; Larry W. Hollmend; Peter L. Howell; Theadore Headen; Marc A. Hudson;  Warren A. Hutton; Ronnie Ingram; Charles Jacks; Anthony W. Jackson; Derrick Jacobs Sr.; Carla Johnson; Jeffrey Johnson; Kharlotta Johnson; Monica Johnson; Tyrone G. Johnson; George A. Jones; Harold V. Jones; Michael D. Jones; Richard A. Killebrew; Linnell Knox; Vincent P. Law, Sr.; Luke Kornacki; Michael Lee; Quiana S. Lee; Mack Lewis; Michael J. Long; Jose M. Lopez IV; Mariano Lopez Jr.;  Ernesto E. Lugo-Valenzuela; Haneefa A. Malik; Omar F. Mann; Chrislina R. Marshall; Mark S. Mazur; Reginald Mcclure; Joseph A. Mccray; Jesse Mcneal; Kennest Meador; Jeremy Meyer; Jeremy Middleton; Michael T. Miller; Frederick Miller; Medrick J. Michel; Javier Montero; Steven Montero; Bertrand Moore; Karen Mosley; William Nieves Sr.; Albert D. Noonan; Gregory Norman; Jonathan W. Oaks; Vincent Ogrodny; Robert Olejnik; Lindsay M. Ortiz; Thomas Pannell; Elvin Curtis Parker; Alan Pitts; Eric Quarles; Uddin Rajah; Crenshella V. Randolph-Croft; Robert Robinson; Jose Javier Roche; Frederick W. Rodolph; Martin Rodriguez; Wanda Rodriguez; Carmen M. Roman; Bernard Russell; James Ryan; Javier Santiago; Francis Sarpong;  Brian Schwab; Kenneth Scott; Francis Selph; Daniel Thomas Sergei;  Errol Shanhai; Abdul Kareen Sharif; Askia Shomari; Roosevelt Singleton; Samuel Smith; Michael Stewart, Jr.; Tosmo Smoot; John W Stone; Tammara Sutton; Franklin D. Taylor; Kevin Tindal Sr.; Donald Thomas; John H. Travis; Alex Trejo; Timothy W. Troy; Kenneth Turner; Warren M. Ulmer; Steven Vickers; Amanda J. Walker; Daniel Walker; Vallory Walters-Olivera; Marco A. Waisome, Jr.; Anthony O. Washington; Charles D. Wiggins; James Williams III; Twila Williams; Wilbert Williams;

Byron M. Wilson; Nicholas T. Wilson; Steven A. Wingate; and David Yacob, individually and on behalf of all others similarly situated,

## NATURE OF THE ACTION

1. The plaintiffs are employed by the defendant as police officers who work or worked at the U.S. Department of Defense, Pentagon Force Protection Agency in Washington, D.C., Arlington, Virginia or in other locations throughout the Washington D.C., Metropolitan area. Plaintiffs bring this action on behalf of themselves and all other similarly situated police officers of the Pentagon Force Protection Agency against the defendant as a collective action in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act (FLSA) for the defendant's unlawful and willful failure to pay the plaintiffs, and all other similarly situated police officers, overtime wages as required by the FLSA. The plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and unpaid wages, liquidated damages, equitable relief, reasonable attorneys' fees and costs and all other relief under the FLSA, as amended, 29 U.S.C. §201 *et. seq.*

2. During the plaintiffs' time as police officers, the defendant has failed and refused to pay overtime compensation under the FLSA to the plaintiffs and other similarly situated police officers by requiring them to take a thirty-minute unpaid meal break in spite of the fact that the plaintiffs' meal break is *not a bona fide meal break* within the meaning of 5 C.F.R. §551.411(c). The unpaid meal break and the failure by the defendant to compensate the plaintiffs occur on a daily basis, every day of the year. The defendant has also failed and refused to pay overtime to the plaintiffs, and all others similarly situated, for time spent donning and doffing unique protective equipment which is integral and indispensable to the performance of their duties.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1491 and 29 U.S.C. §216(b).

## PARTIES

4. The individual plaintiffs identified in this complaint, and all other persons similarly situated, are current and/or former employees of the defendant within the meaning of 29 U.S.C. §203(e).

5. At all relevant times during every pay periods since July 2013, preceding the filing of this complaint to the present, plaintiffs work or have worked as police officers at the U.S. Department of Defense, Pentagon Force Protection Agency Pentagon Police Department.

6. The plaintiffs and all others similarly situated have performed work for the Defendant and have worked hours entitling them to FLSA overtime pay as described in more detail below.

7. The plaintiffs have given their written consents to be parties pursuant to 29 U.S.C. §216(b). Such written consents, containing each plaintiffs name, signature and address are appended to this Complaint as Exhibit A.

8. The defendant United States of America is an employer and public agency within the meaning of 29 U.S.C. §§203(d), (x).

## COLLECTIVE ACTION ALLEGATIONS

9. The defendant uniformly has failed and refused to pay the plaintiffs and other similarly situated employees overtime pay as alleged more fully herein. The acts alleged herein are implemented in a uniform manner as a matter of policy and practice by the defendant throughout the Washington, D.C. Metropolitan Area and affects all plaintiffs and other similarly situated police officers employed by the Pentagon Force Protection Agency Pentagon Police Department.

10. The amount of FLSA overtime pay due the plaintiffs and other similarly situated Pentagon Force Protection Agency police officers can be computed using the same or similar methodologies, utilizing the defendant's uniform pay regulations, pay scales, payroll records and employee data.

11. While the exact number of other similarly situated Pentagon Force Protection

Agency police officers is unknown to the plaintiffs at the present time, plaintiffs are informed and believe that there are at least 500 such persons who are or have been employed by the defendant in the position of police officer and who have been affected by the defendant's illegal policy and practice within the three years preceding the filing of this complaint. Thus, a collective action is the most efficient mechanism for resolution of the claims herein.

12. In addition to the above, a collective action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by the individual police officer plaintiffs are relatively small in comparison with the expense and burden of individual litigation, making it impossible or highly impracticable for such persons individually to redress the wrongs done to them.

13. Moreover, because of the uniformity of the claims of the plaintiffs and other similarly situated police officers, individual actions would present the risk of inconsistent adjudications subjecting the parties to incompatible standards of conduct.

14. The plaintiffs are currently unaware of the identities of all other similarly situated police officers employed or formerly employed by the Pentagon Force Protection Agency.

15. Accordingly, the defendant should be required to provide plaintiffs a list of all persons employed by the Pentagon Force Protection Agency Pentagon Police Division at any time during the three-year period immediately preceding the filing of this complaint, stating their last known addresses, including electronic mail addresses, and telephone numbers, so that the plaintiffs can give such persons notice of the pendency of this action and the opportunity to make an informed decision whether or not to participate in it.

**FIRST CLAIM**

**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT BY FAILING TO PAY THE PLAINTIFFS OVERTIME TIME PAY WHILE ON DUTY DURING MEAL BREAKS**

16. The plaintiffs repeat and reincorporate the allegations set forth in paragraphs 1 through 15 as though set forth fully herein.

17. All the plaintiffs are present or former federal police officers who work or worked for the U.S. Department of Defense, Pentagon Force Protection Agency Pentagon Police Department.

18. As federal police officers, the plaintiffs are employees who are empowered by federal, state or local ordinance to enforce laws designed to maintain peace and order, protect life and property, and to prevent and detect crimes; who have the power to arrest; and who have undergone training in law enforcement.

19. In the same vein, the duties of the plaintiffs and all other similarly situated police officers at the Defendant is to provide force protection, security, and law enforcement, as required for the people, facilities, infrastructure and other resources at the Pentagon Reservation and for Department of Defense (DOD) activities and DOD-leased facilities not under the jurisdiction of a Military Department within the National Capital Region.

20. In addition to the duties described in paragraph 19, these duties may also include rapid police deployment to contain, control, and neutralize any threat to the safety and welfare of the DoD community or property in the event of sabotage attempts, armed intrusion, hostage taking, sniper or terrorist attacks, weapons of mass destruction, civil disobedience, barricade attempts or chemical accidents.

21. The plaintiffs can also be required to carry out surveillance, perform inspections and ensure the security and protection of U.S. government officials on the Pentagon Reservation and other assigned locations in the Washington D.C. Metropolitan area.

22. The defendant has established a biweekly pay period and does not comply with 29 U.S.C. §207(k) (FLSA Section 7k). As a result, the defendant is obliged to pay FLSA overtime pay to plaintiffs and others similarly situated for work in excess of 8, 10 or 12 hours depending on the plaintiffs' particular work shift.

23. Under OPM's FLSA regulations, an employees' entitlement to time and one-half

FLSA is met by working in excess of the daily scheduled 8-hour, 10-hour or 12-hour workday in accordance with 5 U.S.C. §6121; 5 C.F.R. §551.401; 5 C.F.R. §551.512.

24. Since 2001, police officers employed by the defendant were paid for their meal periods because they were not completely relieved of all duties at the time of their meal break. In this regard:

    a. police officers remained in their police uniforms and were armed and required to adhere to all regulations concerning conduct while in uniform;

    b. police officers were subject to recall at any given moment;

    c. police officers were required to maintain radio contact with the police communications center;

    d. police officers were required to take police action or address police inquiries if requested and could be disciplined up to and including removal from the federal service should they fail to do so;

    e. police officers were prohibited from leaving the Pentagon Reservation or their assigned area away from the Pentagon reservation;

    f. the parties had a collective bargaining agreement which included paid meal breaks within its ambit; and

    g. police officers were never completely relieved of duty.

25. On or about July 1, 2013, the defendant unilaterally terminated the plaintiffs' paid meal break instead extending the plaintiffs' work day by one-half hour without compensation.

26. The defendant has failed or refused to pay overtime to the plaintiffs and all other similarly situated police officers even though:

    a. police officers remain in their police uniforms, are armed and required to adhere to all regulations concerning conduct while in uniform;

    b. police officers are subject to recall at any given moment;

  c. police officers are required to maintain radio contact with the police communications center;

  d. police officers are required to take police action or address inquiries if requested by members of the DoD community or public and could be disciplined up to and including removal from the federal service should they fail to do so;

  e. police officers are prohibited from leaving the Pentagon Reservation or their assigned area off the Pentagon reservation;

  f. police officers are not allowed to leave their duty station;

  g. the uniformed presence of the plaintiffs or any other similarly situated police officer is subject to real limitations on the police officers' personal freedom which inure to the benefit of the defendant and employer;

  h. police officers are not completely relieved of duty.

  27. This is an action for overtime compensation as set forth in the FLSA and

  28. The FLSA obligates employers to compensate employees for work hours in excess of 40 per week at a rate of one and 2 times the employees' regular wages.

  29. On or about July 1, 2013, the defendant unilaterally terminated the plaintiffs' paid meal break instead extending the plaintiffs' work day by one-half hour without compensation and instituting an unpaid meal break.

  30. However, and as set forth herein, the plaintiffs and all other similarly situated employees continue to perform work during these meals. This work is controlled or required by the defendant and pursued necessarily and primarily for the benefit of the defendant.

  31. In the same vein, the plaintiffs and all other similarly situated employees are not completely relieved from duty during these unpaid meal breaks as set forth in paragraphs 26(a) through (g) and perform substantial duties during these periods of unpaid meal breaks.

  32. The defendant failed to pay the plaintiffs and all other similarly situated

employees the required amount of overtime at the statutory rate of pay.

33. Because the defendant failed to pay the plaintiffs the required amount of overtime at the statutory rate of pay in accordance with the FLSA 29 U.S.C. §216(b), the defendant must reimburse the plaintiffs not only for the unpaid overtime pay, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.  The defendant's violations of the overtime requirements under federal law and federal regulation were willful.

34. WHEREFORE plaintiffs seek the following relief:

a. that this Court allow this matter to proceed as a collective action;

b. that this Court order an accounting of all lost wages for the plaintiffs;

c. that this Court enjoin the defendant from continuing to commit the unlawful practices relates to the matters alleged in this complaint; and

d. that this Court order the payment of overtime wages, liquidated damages, statutory penalties, interest, costs and attorneys' fees.

## SECOND CLAIM

**FOR VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT BYFAILING TO PAY THE PLAINTIFFS FOR DONNING AND DOFFING PROTECTIVE GEAR NECESSARY TO PERFORM THEIR DUTIES**

35. The plaintiffs repeat and re-allege paragraphs 1-34 as though fully set forth herein.

36. This is a claim under the Fair Labor Standards Act for overtime compensation as a result of the defendant's failure to pay plaintiffs and all other similarly situated employees donning and doffing overtime.

37. The Fair Labor Standards Act requires the defendant to pay the plaintiffs and all other similarly situated employees for any activity that is part of the job or that is necessary to perform part of the job.

38. As Pentagon Police Officers charged with the protection of life and property since

the tragic events of 9/11, the plaintiffs have been mandated by policy and practice to spend time donning and doffing unique protective gear necessary for the police officers to perform their duties and to insure the safety of the police officers and the community they protect.

39. As a result, the plaintiffs, and all other similarly situated police officers, are required daily to don and doff the following unique protective equipment which is integral and indispensable to the performance of their duties, prior to the commencement of their regular work day:

    a. a police uniform;

    b. a gun belt;

    c. a side-arm and ammunition;

    d. a bullet proof vest;

    e. a gas mask;

    f. puncture proof gloves;

    g. a UMP 40 submachine;

    h. a shot gun;

    i. safety shoes and a safety helmet if working in a construction area; and

    k. a trauma kit.

40. The plaintiffs are required to be in full-uniform equipped and ready to go to post at the time of roll-call. The plaintiffs are then inspected and, if approved, walk or drive to their post.

41. At the end of their tour of duty, the plaintiffs are required to doff the equipment set forth in paragraph 39 before they can leave the defendant's worksite.

42. The defendant refuses to pay the plaintiffs, and all other similarly situated police, officers donning and doffing time for these daily activities in spite of the fact that this activity is integral part of the defendant's principal work activity.

43. Because the defendant failed to pay the plaintiffs the required amount of overtime at the statutory rate of pay in accordance with the FLSA 29 U.S.C. §216(b), the defendant must reimburse the plaintiffs not only for the unpaid overtime pay, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.  The defendant's violations of the overtime requirements under federal law and federal regulation were willful.

44. WHEREFORE plaintiffs seek the following relief:

a. that this Court allow this matter to proceed as a collective action;

b. that this Court order an accounting of all lost wages for the plaintiffs;

c. that this Court enjoin the defendant from continuing to commit the unlawful practices relates to the matters alleged in this complaint; and

d. that this Court order the payment of overtime wages, liquidated damages, statutory penalties, interest, costs and attorneys' fees.

Respectfully submitted,

*/s/ Stephen G. DeNigris, Esq.*
Stephen G. DeNigris, Esq.
Attorney for the Plaintiffs
D.C.  Bar No. 440697
The DeNigris Law Firm PLLC
P.O. Box 14643
Albany, NY  12212-4643
Office:  (518) 355-1482
Fax:  (518) 355-1562
email:  SGD853@aol.com

*/s/ Jonathan L. Gould, Esq.*
Jonathan L. Gould, Esq.
Attorney for the Plaintiffs
D.C. Bar No. 491052
1730 M Street, N.W. Suite 412
Washington, D.C.  20036
Office:  (202) 347-3889
Fax:  (703) 652-7589
email:  jgould@igc.org

Dated: November 13, 2015

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a copy of the Plaintiffs' Amended Collective Action was sent by electronic mail on the 13th day of November 2015 to the below listed individual:

Sarah Choi, Esq.                      sarah.choi@usdoj.gov
Assistant Attorney General
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044


                      ***/s/ Stephen G. DeNigris, Esq.***
                      Stephen G. DeNigris, Esq.